IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


CALVIN BRADSHAW,

                          Plaintiff,

          v.                                    CASE NO. 09-3198-SAC

MICHELLE BELL, et al.,

                          Defendants.


## O R D E R

This matter is before the court on a pro se complaint filed under 42 U.S.C. § 1983 by a prisoner confined in a Kansas correctional facility in El Dorado, Kansas (EDCF).[1]  Also before the court is plaintiff's motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915.

**Motion to Proceed In Forma Pauperis**

Plaintiff must pay the full $350.00 filing fee in this civil action.  *See* 28 U.S.C. § 1915(b)(1)(prisoner bringing a civil action or appeal in forma pauperis is required to pay the full filing fee). If granted leave to proceed in forma pauperis, plaintiff is entitled to pay this filing fee over time, as provided by payment of an initial partial filing fee to be assessed by the court under 28 U.S.C. § 1915(b)(1) and by periodic payments from plaintiff's inmate trust fund account as authorized in 28 U.S.C. § 1915(b)(2). Pursuant to 28 U.S.C. § 1915(b)(1), the court is required to assess

---

[1]The court record now reflects that plaintiff was subsequently transferred to different correctional facility in Kansas.

an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of a civil action.

Having considered the sparse financial records provided by plaintiff, the court finds no initial partial filing fee may be imposed at this time due to plaintiff's limited resources, and grants plaintiff leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915(b)(4)(where inmate has no means to pay initial partial filing fee, prisoner is not to be prohibited from bringing a civil action). Plaintiff remains obligated to pay the full $350.00 district court filing fee in this civil action, through payments from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).

**Screening of the Complaint**

Because plaintiff is a prisoner, the court is required to screen the complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b).

Plaintiff is serving a sentence imposed by the State of Maryland, and was apparently transferred to the State of Kansas in August 2009 pursuant to the Interstate Corrections Compact. In this action, plaintiff complains he is not getting prescribed and/or effective medical treatment for eye problems, migraine headaches and other pain, nose bleeds, high blood pressure, foot problems,

2

allergies, and for schizophrenia.[2]  Plaintiff states he is not being

provided copies of requested records in his medical file, and

contends defendants are unable to properly diagnose and treat him

without having his full medical record.   He further states he has

not been provided copies of Kansas institutional policies and

regulations, as requested, and contends his administrative

grievances and requests are ignored or answered with false

information.   Plaintiff also complains of being charged for blood

pressure checks, and contends he was not provided acceptable

clothing or hygiene products upon his arrival at the El Dorado

facility.   On these allegations (itemized as "Complaints" 1 through

24, paragraphs 1 through 74, in the Claims section of the complaint)

plaintiff seeks damages and a broad range of specific injunctive

relief.[3]

Ten Kansas defendants are named in the complaint:  EDCF Nurse

Michelle Bell, EDCF Dr. Lane,[4] EDCF Dr. Jones, EDCF Dr. Thompkins,

---

[2]Many of these allegations mirror those asserted by plaintiff
in cases filed in Maryland, including a pending case in which
plaintiff seeks to amend that action to add Kansas defendants named
in the instant complaint. *See* Bradshaw v. Ulrsching, Case No. 09-
0001 (D.Maryland)(pending motion to amend); Bradshaw v. O'Malley,
Case No. 09-1594 (D. Maryland).

[3]Plaintiff is advised that his subsequent transfer from the El
Dorado facility may have rendered moot his claims for injunctive
relief.   *See e.g.* Martin v. Sargent, 780 F.2d 1334 (8th Cir.
1985)(claim for injunctive relief moot if no longer subject to
conditions). *See also*, Cox v. Phelps Dodge Corp., 43 F.3d 1345,
1348 (10th Cir. 1994)(declaratory relief subject to mootness
doctrine).

[4]The court grants plaintiff's motion to amend the complaint to
correct the name of this defendant, identified as Dr. Bolt in the
original complaint.

EDCF Warden Ray Roberts, Secretary of Correction Roger Werholtz, EDCF Administrator Dean Donley, Governor Mark Parkinson, EDCF Dr. Erazien, and EDCF Physician Assistant Bones.

To allege a valid claim under 42 U.S.C. § 1983, a plaintiff must assert the denial of a right, privilege or immunity secured by federal law. Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970). To state a claim for relief under § 1983, "a plaintiff's complaint must 'show[ ] that the pleader is entitled to relief.'" Bryson v. Gonzales, 534 F.3d 1282, 1286 (10th Cir. 2008)(*quoting* Fed.R.Civ.P. 8(a)(2)). Accordingly, a pro se complaint as liberally construed must allege sufficient facts, taken as true, "to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007)(stating pleading standards required under Fed.R.Civ.P. 8). Although detailed factual allegations are not required, there must be "more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (*quoting* Twombly, 550 U.S. at 555 and 557)(*internal quotations and citations omitted*). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" Id. at 1950 (*quoting* Fed.R.Civ.P. 8(a)(2)).

*No Personal Participation Alleged*

The court first finds six defendants (defendants Roberts,

4

Werholtz, Donley, Parkinson, Erazien, and Bones) are subject to being summarily dismissed from the complaint because plaintiff alleges no specific misconduct by any of these individuals. *See* Foote v. Spiegel, 118 F.3d 1416, 1423 (10th Cir. 1997)("Individual liability under 42 U.S.C. § 1983 must be based on personal involvement in the alleged constitutional violation.").

To the extent plaintiff simply states he appealed the denial of administrative grievance(s) to the warden with no result, this bare statement is insufficient to state a claim against the Warden Roberts, Secretary Werholtz, or Governor Parkinson.  Prison inmates have no federal constitutional right to a grievance procedure or any particular administrative response while incarcerated, thus failure to adhere to prison grievance procedures does not rise to the level of a constitutional violation. *See* Walters v. Corrections Corp. of America, 119 Fed.Appx. 190, 191 (10th Cir. 2004)("When the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance."), *cert. denied*, 546 U.S. 865 (2005).[5]

Nor may plaintiff rely on the doctrine of respondeat superior to hold a defendant liable by virtue of the defendant's supervisory

---

[5]*See also* Sims v. Miller, 5 Fed.Appx. 825, 828 (10th Cir. 2001)("[I]nsofar as plaintiff contended that CDOC officials failed to comply with the prison grievance procedures, he failed to allege the violation of a federal constitutional right."); Walker v. Michigan Dept. of Corrections, 128 Fed.Appx. 441, 445 (6th Cir. 2005)(collecting cases).

position.  <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976).  *See* <u>Kite v. Kelley</u>, 546 F.2d 334, 337 (10th Cir. 1976)(before a superior may be held liable for the acts of an inferior, superior must have participated or acquiesced in the constitutional deprivation).

*No Eighth Amendment Claim*

As to the remaining four defendants, plaintiff alleges only that Dr. Jones (i) scheduled an appointment for plaintiff with an optometrist rather than an ophthalmologist (Claim 1), and (ii) indicated an alternative to the "A&D Ointment" requested by plaintiff was available, but no alternative ointment was ever provided (Claim 5).  Plaintiff only specifically alleges that Dr. Lane told plaintiff that "as needed" medications were not available at the EDCF-Reception and Diagnostic Unit (Claim 10).  Plaintiff alleges Nurse Bell:  (i) provided an untrue response to plaintiff's request for special glasses (Claim 14), (ii) was disrespectful, insulting, and insensitive to insist that plaintiff continue to take prescribed medications that were not working (Claim 15), (iii) refused plaintiff's request for copies of institutional policies, regulations and medical contracts (Claim 18), and (iv) reported that plaintiff's medical needs had been addressed even though Kansas did not have plaintiff's complete medical record (Claim 19).  And finally, plaintiff only provides copies of at least seven Inmate Request to a Staff Member forms he sent to Officer Thompkins August 28 through September 2, 2009, to which it appears plaintiff received a consolidated response from Michelle Bell on September 3.

To state a viable constitutional claim of "deliberate indifference" to medical needs, plaintiff must be able to show a

6

prison official knowingly disregarded a sufficiently serious medical need that posed an excessive risk to the prisoner's health and safety.  Sealock v. Colorado, 218 F.3d 1205, 1209 (10th Cir. 2000).  This demanding constitutional standard is not satisfied by mere disagreements with diagnoses or treatment by prison medical staff, or by inadvertence or negligence in providing medical care.  *See* Perkins v. Kansas Dept. of Corrections, 165 F.3d 803, 811 (10th Cir. 1999).  Nor does alleged negligence in the diagnosis or treatment of a medical condition state a valid Eighth Amendment claim of medical mistreatment.  Estelle v. Gamble, 429 U.S. 97, 106 (1976).

In the present case, plaintiff's allegations of misconduct by these four defendants reflects at most his disagreement with the continuing care and treatment being provided upon his arrival in Kansas, and claims of medical malpractice.  Both are insufficient to plausibly find any claim of constitutional significance for the purpose of stating a viable cause of action under 42 U.S.C. § 1983.

Although plaintiff alleges additional medical concerns in his complaint, no defendant is identified as personally participating in the denial of plaintiff's requests or grievances about these concerns.[6]  Additionally, many of these additional allegations are frivolous as constitutional claims, such as complaints that staff

---

[6]Plaintiff states he is being given Advil for schizophrenia, but in support cites only two administrative grievances he submitted to report that he is again hearing voices.  In both instances, the Unit Team Manager (not named as a defendant) directed plaintiff to put in a sick call request form as soon as possible, and further indicated he would also contact Mental Health about plaintiff's grievance.  There is no factual basis in the record for plaintiff's bare contention that Advil alone is being provided for this claimed diagnosis.

are disrespectful in responding to plaintiff's requests, that laundered clothing previously worn by other inmates is unsafe, and that medical requests and administrative grievances are not answered in a timely manner.

## Notice and Show Cause Order to Plaintiff

For the reasons stated herein, the court finds the complaint is subject to being summarily dismissed as stating no claim for relief under 42 U.S.C. § 1983 against any defendant,[7] absent amendment of the complaint to cure the deficiencies identified by the court.[8] *See* 28 U.S.C. § 1915(e)(2)(B)(ii)("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted"). The failure to file a timely response may result in the complaint being dismissed without further prior notice to plaintiff.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to

---

[7]Plaintiff is advised that dismissal of the complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) will count as a "strike" under 28 U.S.C. § 1915(g), a "3-strike" provision which prevents a prisoner from proceeding in forma pauperis in bringing a civil action or appeal if "on 3 or more prior occasions, while incarcerated or detained in any facility, [the prisoner] brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

[8]Plaintiff's motion for clarification of a clerk's office memo is granted, in that plaintiff is advised that pursuant to the practice of this court, the clerk's office will send a copy of the complaint to any defendant ordered to file an answer to the complaint.  Any such order will be entered only if the court finds actionable claims against any defendant remain after it has completed the screening process required under 28 U.S.C. § 1915A.

proceed in forma pauperis (Doc. 2) is granted, with payment of the $350.00 district court filing fee to proceed as authorized by 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that plaintiff's motion (Doc. 5)  to amend the complaint to correct the name of a defendant is granted. The name of defendant Dr. Bolt in the original complaint is corrected to name Dr. Lane.

IT IS FURTHER ORDERED that plaintiff's motion for clarification (Doc. 6) is granted.

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to amend the complaint to avoid dismissal of the complaint as stating no claim for relief under 42 U.S.C. § 1983.

Copies of this order shall be mailed to plaintiff and to the Centralized Inmate Banking office for the Kansas Department of Corrections.

**IT IS SO ORDERED.**

DATED:  This 6th day of October 2009 at Topeka, Kansas.

_s/ Sam A. Crow_____
SAM A. CROW
U.S. Senior District Judge