IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CALVIN BRADSHAW,

                      Plaintiff,

      v.                                    CASE NO. 09-3198-SAC

MICHELLE BELL, et al.,

                      Defendants.

**O R D E R**

Plaintiff proceeds pro se and in forma pauperis on a complaint filed under 42 U.S.C. § 1983 while plaintiff was briefly confined in the El Dorado Correctional Facility in El Dorado, Kansas (EDCF). Plaintiff is serving a sentence imposed by the State of Maryland, and is housed in Kansas pursuant to his transfer under the Interstate Corrections Compact. Upon plaintiff's completion of his processing through the Reception and Diagnostic Unit at EDCF, plaintiff was transferred to a different Kansas correctional facility.

Plaintiff seeks damages[1] on allegations of not getting the medical treatment at EDCF he claims was ordered by Maryland physicians for plaintiff's eye problems, migraine headaches and other pain, nose bleeds, high blood pressure, foot problems, allergies, and

---

[1] Plaintiff also sought a broad array of specific injunctive relief regarding his EDCF confinement, but his subsequent transfer to another Kansas correctional facility rendered such relief moot. *See e.g. Martin v. Sargent*, 780 F.2d 1334 (8th Cir. 1985)(claim for injunctive relief moot if no longer subject to conditions).

schizophrenia. Plaintiff contends that defendants are unable to properly diagnose and treat him without having his full medical record, that he was not provided copies of Kansas institutional policies and regulations, and that his administrative grievances and requests were ignored or answered with false information. Plaintiff also complains of being charged for blood pressure checks, and of not being provided acceptable clothing or hygiene products upon his arrival at the El Dorado facility.

The court reviewed the complaint and found it was subject to being summarily dismissed as stating no claim for relief against the ten Kansas defendants named in the complaint,[2] and granted plaintiff an opportunity to amend the complaint to address deficiencies identified by the court. Having reviewed plaintiff's amended complaint, the court finds it should be dismissed.

*Standard for Stating Actionable Claims*

To avoid dismissal of the amended complaint as stating no claim for relief, plaintiff must allege sufficient facts, taken as true, "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice

---

[2] The named defendants are: EDCF Nurse Michelle Bell, EDCF Dr. Lane, EDCF Dr. Jones, EDCF Dr. Thompkins, EDCF Warden Ray Roberts, Secretary of Correction Roger Werholtz, EDCF Administrator Dean Donley, Governor Mark Parkinson, EDCF Dr. Erazien, and EDCF Physician Assistant Bones.

2

if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678(2009)(*quoting Twombly*, 550 U.S. at 555 and 557)(*internal quotations and citations omitted*). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not shown that the pleader is entitled to relief.'" *Id*. at 679 (*quotation marks and citation omitted).

Plaintiff's reliance on a more demanding standard applied prior to the Supreme Court's decision in *Twombly* and *Iqbol* is misplaced.

*No Eighth Amendment Claim for Denial of Medical Care*

The Eighth Amendment prohibition against cruel and unusual punishment applies to the States through the Due Process Clause in the Fourteenth Amendment. *Handy v. Price*, 996 F.2d 1064, 1066 (10th Cir.1993). To state a cognizable Eighth Amendment claim for failure to provide medical care, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). To establish "deliberate indifference," plaintiff must be able to both objectively show a sufficiently serious pain or deprivation, and subjectively demonstrate the offending officials acted with a sufficiently culpable state of mind. *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 809 (10th Cir.1999)(*citing Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991)).

"A medical need is sufficiently serious 'if it is one that has been diagnosed by a physician as mandating treatment or one that is

3

so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir.2000)(*quoting Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir.1999)).  In the present case, plaintiff cites being stabbed by another prisoner in Maryland in 2004, with resulting serious injuries including eye pain and migraine headaches that require continuing medical treatment.  For purposes of reviewing plaintiff's amended complaint, the court will assume plaintiff's allegations are sufficient to find an objective showing of serious medical needs could be satisfied in this case.[3]

To satisfy the subjective component of the "deliberate indifference" standard, however, plaintiff must be able to show the defendants "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  The court finds plaintiff fails to provide a factual basis for plausibly finding this standard could be met.

---

[3]Plaintiff also cites inattention to his blood pressure for which he is receiving medication.  However, plaintiff documents an administrative response from Nurse Bell who sets forth nine blood pressure readings from August 18 through September 13, 2009.  These readings are not as extreme as plaintiff claims, and do not support a finding that plaintiff's blood pressure presents a serious medical condition in obvious need of greater attention.
   Plaintiff further cites problems with his feet for which A&D ointment had been provided in Maryland, but not in Kansas.  Plaintiff's allegations, however, suggest no serious foot condition in obvious need of medical attention.  Nor does the record provide any factual support for plaintiff's bare statement that he is schizophrenic.

4

Plaintiff clearly arrived in Kansas with a current list of his medical treatment protocol.  Although plaintiff contends he is entitled to specific follow up care in Maryland as recommended by medical consultants in 2005 and 2006, Kansas officials determined no such care had been scheduled by Maryland officials.[4]  Also, plaintiff does not dispute that his report of hearing voices was forwarded to mental health, and that plaintiff was twice told to contact mental health for attention to this condition.  The court finds the facts alleged in the original and amended complaints are insufficient to plausibly establish that any named defendant intentionally or recklessly disregarded risks to plaintiff's health or safety.

To the extent plaintiff claims Kansas officials substituted comparable medicines to those administered in Maryland, and failed to provide medications in the same manner as provided in Maryland, these disagreements with the care provided are insufficient to establish a viable constitutional claim.  "Medical decisions that may be characterized as classic examples of matters for medical judgment, such as whether one course of treatment is preferable to another, are beyond the [Eighth] Amendment's purview."  *Callahan v. Poppell*, 471 F.3d 1155, 1160 (10th Cir.2006)(*quotation and citation omitted*).

---

[4]Citing recommendations by Maryland consultants in 2006 and 2008, plaintiff contends he is entitled to a follow-up MRI, follow-up review by an opthamologist and neurologist, and surgery for his drooping right eyelid.

Moreover, plaintiff's insistence that Kansas officials denied him "reasonable" and "adequate" medical care is insufficient to state a claim of constitutional deprivation.  It is well settled that "allegations of inadvertent failure to provide adequate medical care or of a negligent ... diagnosis simply fail to establish the requisite culpable state of mind."  *Handy*, 996 F.2d at 1067 *(quotation marks, alteration, and citation omitted)*.

The court further found plaintiff's specific allegations against four of the defendants[5] regarding plaintiff's medical care presented no claim of constitutional significance; found six defendants[6] should be dismissed from the complaint because plaintiff alleged no specific misconduct by any of these individuals other than decisions they may have rendered in plaintiff's unsuccessful administrative appeals; and found additional medical concerns cited in the complaint were either frivolous or did not involve any named defendant.  Plaintiff's amended complaint does not adequately address any of these identified deficiencies.

Thus for the reasons stated herein and the in the show cause order previously issued, the court concludes the amended complaint should be dismissed as stating no claim for relief.

IT IS THEREFORE ORDERED that plaintiff's amended complaint is dismissed as stating no claim upon which relief can be granted under

---

[5] Defendants Jones, Lane, Bell, and Thompkins.

[6] Defendants Roberts, Werholtz, Donley, Parkinson, Erazien, and Bones.

42 U.S.C. § 1983 against any defendant.

**IT IS SO ORDERED.**

DATED:  This 10th day of July 2012 at Topeka, Kansas.


  s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge